YOSHIMOTO LAW GROUP
A Limited Liability Law Company

NATHAN H. YOSHIMOTO  #6352-0
nyoshimoto@hi-lawyers.com
WESLEY D. SHIMAZU  #6119-0
wshimazu@hi-lawyers.com
ALLAN S. CHING  #11693-0
aching@hi-lawyers.com
201 Merchant Street, Suite 2440
Honolulu, Hawai'i 96813
Telephone: (808) 695-4500
Facsimile: (808) 695-4599

Attorneys for Defendant
LONGS DRUG STORES CALIFORNIA, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PCSC, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, <br><br> Defendants. | Case _____ <br><br> DEFENDANT LONGS DRUG STORES CALIFORNIA, L.L.C.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT; DECLARATION OF MELANIE K. ST ANGELO; DECLARATION OF NATHAN H. YOSHIMOTO, EXHIBITS 1 – 7; CERTIFICATE OF SERVICE <br><br> **(DIVERSITY)** |

## DEFENDANT LONGS DRUG STORES CALIFORNIA, L.L.C.'S
## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. ("Longs"), by and through its attorneys, Yoshimoto Law Group, a Limited liability Law Company, hereby removes the above entitled, *PCSC, LLC vs. Longs Drug Stores California, L.L.C., et al.*, Civil No. 1CCV-24-0001407 SMK ("State Court Action") filed in the Circuit Court of the First Circuit, State of Hawai'i to the United States District Court for the District of Hawai'i, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Longs' Notice of Removal is based on the following:

### Relevant Procedural History

1. On or about October 3, 2024, Plaintiff filed its Complaint against Longs. Exhibit 1, Complaint.

2. On October 11, 2024, the Complaint was served on Longs through Longs' agent for service of process. *See* Exhibit 7, Declaration of Nathan H. Yoshimoto ¶ 3.

3. The Complaint alleges that Plaintiff is a limited liability company organized and existing under the laws of the State of Hawaii. Exhibit 1, ¶ 1.

4. Upon information and belief, Plaintiff's sole member is a citizen of the State of Hawai'i. *See* Exhibit 2; Declaration of Nathan H. Yoshimoto ¶ 4.

{08313-1001-00090345-4}

5. Longs is a limited liability company organized and existing under the laws of the State of California. Exhibit 1, ¶ 2.

6. Longs is a California limited liability company with its principal place of business in Rhode Island. *See* Exhibit 3, Statement of Information for Longs Drug Stores California, L.L.C. filed on August 8, 2024, with the State of California, Office of the Secretary of State; Declaration of Melanie K. St Angelo ¶ 2.

7. The sole member of Longs is LONGS DRUG STORES, L.L.C. ("LDS") which is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business in Rhode Island. *See* Exhibit 3 and Exhibit 4, Statement of Information for Longs Drug Stores, L.L.C., filed on September 11, 2024, with the State of California, Office of the Secretary of State; Declaration of Melanie K. St Angelo ¶ 3.

8. The sole member of LDS is CVS PHARMACY, INC., a Rhode Island corporation with its principal place of business in Rhode Island. *See* Exhibit 4 and Exhibit 5, Statement of Information for CVS Pharmacy, Inc. filed on August 12, 2024, with the State of California, Office of the Secretary of State; Declaration of Melanie K. St Angelo, ¶ 4.

9. The Complaint alleges counts for: (I) Breach of the Lease; (II) Negligence; (III) Trespass; (IV) Nuisance; and (V) Injunctive Relief. Exhibit 1.

10. Plaintiff also sent Longs the Order Setting Scheduling Conference filed October 25, 2024, in the State Court Action. Exhibit 6.

## Grounds for Removal

11. This Court has original jurisdiction of this action under federal diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441.

12. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

13. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

14. A limited liability company "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business. *Hancock v. Kulana Partners, LLC*, No. CV 13-00198 DKW-RLP, 2017 WL 11151581, at *1 (D. Haw. Feb. 1, 2017); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a

partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

15. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

16. As discussed above, Longs is a limited liability company and its sole member is LDS. LDS is also a limited liability company and its sole member is CVS PHARMACY, INC., CVS PHARMACY, INC., is a Rhode Island corporation with its principal place of business and corporate headquarters in Rhode Island. Thus, Longs is a citizen of Rhode Island and is not a citizen of Hawaii even if it does business in the State of Hawaii. *Michaels v. Longs Drug Stores California, LLC*, 2014 WL 5488434, at *2 (D. Haw. Oct. 28, 2014) (holding that "the parties are completely diverse" since Longs, LDS and CVS Pharmacy, Inc. are citizens of Rhode Island and plaintiff is a citizen of Hawaii); *Johnson*, 437 F.3d at 899; *NewGen*, 840 F.3d at 612.

17. Plaintiff is a Hawaii limited liability company. Exhibit 1, ¶ 1. Upon information and belief, its sole member is a citizen of the State of Hawaii.[1] *See* Exhibit 2.

---

[1] A trust has the citizenship of its trustee or trustees. *Johnson*, 437 F.3d at 899.

{08313-1001-00090345-4}

18.  Accordingly, there is complete diversity between Plaintiff and Longs. *Michaels*, 2014 WL 5488434 at *2; *Johnson*, 437 F.3d at 899.

19.  Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

20.  For the foregoing reasons, this Court has original federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## Compliance with Removal Procedure

21.  28 U.S.C. § 1446(b) (Procedure of removal of civil actions), states, in relevant part:

> (b) REQUIREMENTS; GENERALLY.
>
> > (1)  The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

22.  The 30-day window is triggered by formal summons and complaint and not just by mere receipt, "unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999). In other words, "actual notice of the action is insufficient; rather, the defendant must be

{08313-1001-00090345-4}

5

'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run." *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (citing *Murphy Bros., supra*).

23. The holding in *Murphy Bros.* was subsequently adopted by the United States District Court for the District of Hawai'i in *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842 (D. Haw. 2006), wherein this Court stated the following regarding the time for filing a notice of removal:

> To be timely, a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). A defendant's right to remove is triggered only by formal process, "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). On its face, Defendants' removal action is timely. The notice of removal was filed on August 10, 2006, less than thirty days after the first Defendant was formally served on July 21.

*Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842, 854 (D. Haw. 2006).

24. Based on the foregoing authorities, there is absolutely no question that Longs meets the applicable time frame for removal. Longs was served with the Complaint on October 11, 2024 and has 30 days, until November 10, 2024, to file its notice of removal. Thus, this Notice of Removal is timely filed.

25. Additionally, pursuant to 28 U.S.C. § 1446(d), Counsel for Longs certifies that it will file a copy of this Notice of Removal with the Clerk of the Circuit

Court of the First Circuit, State of Hawai'i, and give notice of same to counsel for all parties thereto.

26. Longs also served this Notice of Removal upon all parties on the date set forth in the certificate of service.

27. The United States District Court for the State of Hawai'i is the district and division within which the State court action is pending.

28. Pursuant to 28 U.S.C. § 1446(a), and to the best of Longs' knowledge, Exhibits 1 and 6 constitute all of the process, pleadings and orders served upon Longs at the time of this removal.

29. Accordingly, Longs has satisfied all the removal requirements of 28 U.S.C § 1446.

## Preservation of Defenses

30. By filing this Notice of Removal, Longs does not waive any defense which may be available to it.

DATED: Honolulu, Hawai'i, November 6, 2024.

YOSHIMOTO LAW GROUP
A Limited Liability Law Company

/s/ Nathan H. Yoshimoto
NATHAN H. YOSHIMOTO
WESLEY D. SHIMAZU
ALLAN S. CHING
Attorneys for Defendant
LONGS DRUG STORES
CALIFORNIA, L.L.C.