EXHIBIT "1"

Of Counsel:

LUNG ROSE VOSS & WAGNILD

ADRIAN L. LAVARIAS    8578-0
Attorney at Law
A Law Corporation
KIRA J. GOO    11519-0
700 Bishop Street, #900
Topa Financial Center
Honolulu, Hawaii 96813
Tel: (808) 523-9000
Email: alavarias@legalhawaii.com
       kgoo@legalhawaii.com

Attorneys for Plaintiff
PCSC, LLC

**Electronically Filed
FIRST CIRCUIT
1CCV-24-0001407
03-OCT-2024
03:03 PM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| PCSC, LLC, | CIVIL NO. _____ |
| Plaintiff, | (Contract) |
| vs. | COMPLAINT; SUMMONS |
| LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, | |
| Defendants. | |

## COMPLAINT

Plaintiff PCSC, LLC ("Plaintiff"), by and through its attorneys, Lung Rose Voss & Wagnild, asserts the following Complaint ("Complaint") against Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. (the "Defendant"); JOHN DOES 1-10; JANE DOES 1-10;

1345575.2

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 03-OCT-2024, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i

DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 (collectively, the "Doe Defendants"), and alleges and avers as follows:

1. Plaintiff is and was, at all times relevant herein, a limited liability company organized and existing under the laws of the State of Hawaii.

2. Defendant is and was, at all times relevant herein, a limited liability company organized and existing under the laws of the State of California.

3. Defendant regularly conducts business in the City and County of Honolulu, State of Hawaii.

4. The Doe Defendants are sued herein under fictitious names for the reason that their names and identities are presently unknown to Plaintiff except that they are connected in some manner with the named Defendant, or were agents, principals, partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, or consultants of the Defendant, or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein, or may be liable for the claims asserted herein. Plaintiff will substitute the true names and identities, capacities, acts and omissions of Doe Defendants when the same are ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to Hawaii Revised Statutes ("HRS") Section 603-21.5 to decide an actual controversy existing between the Plaintiff and the Defendant.

6. Unless otherwise stated herein, all matters and events giving rise to the claims set forth in this Complaint arose in the City and County of Honolulu.

1345575.2

7.  Venue is proper in the Circuit Court of the First Circuit, State of Hawaii, pursuant to HRS § 603-36, because Defendant's acts or omissions giving rise to Plaintiff's claims occurred within this circuit.

## FACTUAL BACKGROUND

8.  The Plaintiff is the master ground lessee of the property located at 850 Kamehameha Highway, Pearl City, Hawaii 96782 (the "Property").

9.  At the Property, the Plaintiff operates a shopping center more commonly referred to as the Pearl City Shopping Center (the "Shopping Center").

10. Under a lease dated October 31, 1964, the Defendant's predecessor in interest agreed to lease approximately 21,760 square feet of sales, storage, and office space at the Shopping Center from the Plaintiff's predecessor in interest (the "Lease").

11. On several occasions, the Lease was amended to, among other things, extend the term of the Lease and to revise the rent payable under the Lease.

12. Pursuant to Section 2.2 of the Lease, the Defendant and its predecessors-in-interest acknowledged and agreed that the premise they were leasing would be part of a larger parcel of real property owned or controlled by the Plaintiff and its predecessors-in-interest.

13. At the Shopping Center, the Defendant operates a commercial retail business more commonly known as Longs Drugs.

14. The Plaintiff and the Defendant sometimes refer to this particular Longs Drugs as Store #9275 ("Store #9275").

15. The Plaintiff and its predecessors-in-interest had previously allowed the Defendant and its predecessors-in-interest to keep a cooling system utilized exclusively for Store

3

1345575.2

#9275 on the second level of a partially enclosed common area of the Shopping Center (the "Cooling System").

16. The common area where the Defendant's Cooling System is currently located is not part of the area leased by the Defendant and the Defendant does not pay any lease rent for the area.

17. Another tenant of the Shopping Center leases the area on the ground level directly under the location of the Cooling System.

18. The other tenant uses the area under the Cooling System as an equipment room that contains, among other things, electrical equipment for the other tenant's own retail business.

19. Pursuant to Section 24.1, the Defendant and its predecessors-in-interest also acknowledged and agreed that "during the entire term of this Lease and any extension thereof shall keep and maintain the premises and every part thereof, (including plate glass), in good order, condition, and repair[.]"

20. Upon information and belief, the Defendant failed to properly install and maintain the Cooling System.

21. The Defendant's improper installation and maintenance of the Cooling System is evidenced by, among other things, the accumulation of moisture in and around the area where the Cooling System is located.

22. The Defendant's improper installation and maintenance of the Cooling System is also evidenced by, among other things, the overflow and accumulation of liquid from the Defendant's Cooling System.

23. The excessive moisture and overflow of liquid from the Defendant's Cooling System has damaged and continues to damage the concrete slab under the Cooling System.

24. The excessive moisture and overflow of liquid from the Defendant's Cooling System has caused and continues to cause, among other things, cracking and spalling of the concrete slab.

25. Upon information and belief, the concrete slab under the Cooling System has been damaged to such a degree that its structural integrity may be compromised and will require significant repair and/or replacement.

26. In addition, the design of the Cooling System, the horizontal direction from which the moisture is blowing, and the proximity and direction to the roof eave has enabled excessive moisture to build up and continuously cause corrosion and damage to, among other areas, the adjacent roof framing and purlins.

27. Due to the unreasonable risk of harm caused by the Defendant's failure to properly install and maintain the Cooling System, the Plaintiff requested that the Defendant cease its use of the Cooling System, remove the current Cooling System, and relocate the Cooling System to a safer location within the Shopping Center.

28. To assist with the removal and relocation of the Cooling System, the Plaintiff provided the Defendant with design plans for a cooling system at a new and safer location within the Shopping Center.

29. Despite these efforts by the Plaintiff, however, the Defendant failed or otherwise refused to stop using the Cooling System, has not removed the Cooling System, and has not relocated the Cooling System to a new and safer location within the Shopping Center.

30. The Defendant's failure to stop using the Cooling System, to remove the Cooling System, and to relocate the Cooling System to a new and safer location within the Shopping Center has caused and continues to cause harm to the Defendant and creates and unreasonable risk of harm to the Plaintiff as well as other tenants and customers of the Shopping Center.

## COUNT I
### (Breach of the Lease)

31. The Plaintiff hereby repeats, realleges, and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

32. The Lease constitutes a valid and enforceable contract under which the Defendant agreed to perform certain acts including, among other things, keep and maintain their leased premises and every part thereof in good order, condition, and repair.

33. The Defendant committed material breaches of the Lease by, among other things, failing to properly install and maintain the Cooling System.

34. The Defendant's breaches of the Lease proximately caused and continues to cause damage to the Plaintiff in an amount to be proven at trial.

35. Based on the Defendant's breaches of the Lease, the Plaintiff is entitled to specific performance of the Lease as well as damages, and such other relief as the Court deems just and proper.

## COUNT II
(Negligence)

36. The Plaintiff hereby repeats, realleges, and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

37. At all times relevant herein, the Defendant owed a duty of care to the Plaintiff to properly install and maintain its Cooling System so as not to create an unreasonable risk of harm to the Plaintiff, the Shopping Center, and/or other tenants and customers of the Shopping Center.

38. The Defendant's ongoing failure to properly install and maintain its Cooling System has caused and continues to cause damage to, among other things, the concrete slab under the Cooling System, roof framing, purlins, fencing, and other building components of the Shopping Center that are not part of the area leased by the Defendant.

39. The Defendant's ongoing conduct, as described herein, constitutes a breach of its duty of care to the Plaintiff and demonstrates that the Defendant failed to exercise reasonable care in, among other things, installing and/or maintaining its Cooling System.

40. As a direct, proximate, and foreseeable result of the Defendant's breach of its respective duty (as well as its ongoing duties) to the Plaintiff, the Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III
### (Trespass)

41. The Plaintiff hereby repeats, realleges, and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

42. The Plaintiff is entitled to possession of the Shopping Center, including the commons areas where the Defendant's Cooling System is currently located.

43. The Defendant does not have the right to leave the Cooling System in its currently location nor does it have the right to occupy common areas of the Shopping Center without the consent or permission of the Plaintiff.

44. The Defendant has refused or otherwise failed to remove the Cooling System despite not having the Plaintiff's consent or permission to keep the Cooling System in its current location.

45. The Defendant's ongoing conduct, as described herein, constitutes an ongoing trespass.

46. The Defendant's ongoing trespass has caused and continues to cause damage to the Plaintiff in an amount to be proven at trial.

47. The Defendant's ongoing trespass also entitled the Plaintiff to an order directing Plaintiff to remove its Cooling System from the common areas of the Shopping Center.

## COUNT IV
### (Nuisance)

48. The Plaintiff hereby repeats, realleges, and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

49. The Defendant's ongoing failure to properly install and maintain its Cooling System has resulted in, among other things, the buildup of excessive moisture as well as the overflow and accumulation of liquid from the Defendant's Cooling System.

50. The excessive moisture and overflow of liquid from the Defendant's Cooling System has caused an invasion of the Plaintiff's interest in the private use and enjoyment of the Shopping Center.

51. Said invasion is, among other things, intentional, unreasonable, and actionable.

52. As such, the Defendant's ongoing failure to properly install and maintain its Cooling System constitutes a nuisance and the Plaintiff is, therefore, entitled to damages in an amount to be proven at trial.

## COUNT V
### (Injunctive Relief)

53. The Plaintiff hereby repeats, realleges, and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

54. The Defendant's failure to properly and adequately maintain its Cooling System and its subsequent failure to remove its Cooling System endangers the structural integrity of various parts of the Shopping Center and endanger the health and safety of other tenants and customers at the Shopping Center such that the continued use of the Cooling System in its present location will cause serious and irreparable harm in a manner that cannot be adequately compensated for in money damages unless the Defendant is enjoined from the continued use of the Cooling System in its present location.

55. The Plaintiff has no adequate remedy at law to compensate it for, and to protect it and its other tenants and customers against, the consequences of the Defendant's acts and omissions.

56. Therefore, the Plaintiff requests that the Court issue injunctive relief that the Defendant and/or anyone claiming by, through, or under the Defendant, shall be permanently enjoined from using the Cooling System in its current location and must immediately and permanently relocate the Cooling System.

WHEREFORE, the Plaintiff prays for judgment in its favor and against the Defendant as follows:

A. For general, special, compensatory, incidental and consequential damages in amounts to be proven at trial;

B. For specific performance of the Lease as set forth above;

C. For an order directing the Defendant to cease all trespass and remove the Cooling System.

D. For injunctive relief as is set forth above;

E. For post-judgment interest;

F. For its attorneys' fees, costs and expenses; and

G. For such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, October 3, 2024.

/s/ Adrian L. Lavarias
ADRIAN L. LAVARIAS
KIRA J. GOO

Attorneys for Plaintiff
PCSC, LLC

10

| **STATE OF HAWAI'I**<br>**CIRCUIT COURT OF THE**<br>**FIRST CIRCUIT** | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF<br><br>PCSC, LLC | VS. | DEFENDANT(S)<br>LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

PCSC, LLC
C/O ADRIAN L. LAVARIAS, ESQ. (8578-0)
KIRA J. GOO, ESQ. (11519-0)
Lung Rose Voss & Wagnild
700 Bishop Street, Suite 900, Honolulu, HI 96813
Telephone: (808) 523-9000

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

ADRIAN L. LAVARIAS, ESQ.
KIRA J. GOO, ESQ.

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   RG-AC-508 (10/19)

**EXHIBIT "1"**